# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1836 PA (JPRx) | Date | March 6, 2018 |
|---|---|---|---|
| Title | Bryan Lorden v. Jaguar Land Rover North America, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Renee Fisher | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Jaguar Land Rover North America, LLC ("Defendant") on March 5, 2018. (Docket No. 1.) Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Bryan Lorden ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For purposes of diversity jurisdiction, the citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1836 PA (JPRx) | Date | March 6, 2018 |
|---|---|---|---|
| Title | Bryan Lorden v. Jaguar Land Rover North America, LLC, et al. | | |

the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT&T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

The Notice of Removal alleges that complete diversity of citizenship exists because Plaintiff is domiciled in Los Angeles, California, and Defendant is domiciled in the United Kingdom. (Notice of Removal ¶¶ 11-12.) As to Plaintiff's citizenship, Defendant cites allegations in Plaintiff's complaint as well as vehicle service records in Plaintiff's name that include a Los Angeles address. (Id. ¶ 11; see Yao Decl. ¶ 5, Docket No. 1 at 8; Yao Decl. Ex. A ¶ 1, Docket No. 1-1; Yao Decl. Ex. C, Docket No. 1-3.) The complaint alleges only that Plaintiff resides in California. (Yao Decl. Ex. A ¶ 1.) The service records are not relevant because they predate the filing of this action,[1/] and regardless they also establish, at most, only Plaintiff's residence. (See Yao Decl. Ex. C.) Because an individual is not necessarily a citizen of the state in which he resides, the Notice of Removal fails to establish Plaintiff's citizenship.

As to Defendant's own citizenship, Defendant alleges that it is an LLC and that its only member is "Jaguar Land Rover Limited, [which is] located in the United Kingdom. Hence, [Defendant] is domiciled in the United Kingdom." (Notice of Removal ¶ 12; see Yao Decl. ¶ 6.) The Notice of Removal does not indicate what form of entity Defendant's member is, and it fails to adequately allege the member's citizenship. See, e.g., Parse v. Those Certain Underwriters At Lloyd's London, No. CV 14-00782 MMM (JEMx), 2014 WL 12561586, at *2 (N.D. Cal. Mar. 4, 2012) ("The notice [of removal] alleges that these are 'entities' organized under the laws of the United Kingdom with their principal place of business in London, England. If the entities are corporations, then the allegations are sufficient to allege that Lloyd is a citizen of England. If, however, the entities are partnerships or another form of unincorporated association, then such allegations are not sufficient to show that there is complete diversity between the parties . . . . Because it is unclear what type of entity the syndicate is, the court cannot determine its citizenship based upon the current pleadings." (footnote omitted)). As a result, Defendant has not adequately alleged its own citizenship.

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; see also Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). This is particularly true for a removing defendant, who is presumed to know the facts surrounding its own citizenship. See, e.g., Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014); see also Cretian v. Job1USA, Inc., No. 09-CV-770-ST, 2009 WL 4841039, at *1 (D. Or. Dec. 11, 2009)

---

[1/]    Contrary to Defendant's assertion that Plaintiff filed his case in June 2017 (Notice of Removal ¶ 1), a stamp on the complaint indicates that it was filed in January 2018 (Yao Decl. Ex. A).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1836 PA (JPRx) | Date | March 6, 2018 |
|---|---|---|---|
| Title | Bryan Lorden v. Jaguar Land Rover North America, LLC, et al. | | |

("Defendant is presumed to know its own citizenship; indeed it is in the best position to know it for purposes of removal." (internal quotation marks omitted)). Defendant's allegations about Plaintiff's and Defendant's own citizenship are insufficient to invoke this Court's diversity jurisdiction.

For the foregoing reasons, Defendant has failed to satisfy its burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Case No. BC691849, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

AB for KSS